# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

DAVID COLLINS, )
                                    )
        Petitioner, )
v.                                )      No. 2:12-cv-24-JMS-WGH
                                    )
SUPERINTENDENT, )
                                    )
        Respondent. )

## Entry Discussing Petition for Writ of Habeas Corpus
## and Denying Certificate of Appealability

The petition for a writ of habeas corpus of David Collins ("Collins") must be dismissed. In addition, the court finds that a certificate of appealability should not issue.

## Petition for Writ of Habeas Corpus

### Background

Collins reached a plea agreement with the state of Indiana in No. 49-G20-0802-PC-034863 and in another prosecution. Insofar as pertinent here, he was sentenced on May 1, 2008, to a 20-year term in No. 49-G20-0802-PC-034863 to be served consecutive to a 6-year sentence imposed in the other case. There was no direct appeal filed with respect to the sentences just described.

On October 8, 2008, Collins filed a petition for post-conviction relief in No. 49-G20-0802-PC-034863. The trial court denied the petition for post-conviction relief after a hearing. Collins filed a notice of appeal from the denial of his petition for post-conviction relief. His appeal was docketed as No. 49A02-1001-PC-265. Collins' appeal in No. 49A02-1001-PC-265 was dismissed on August 13, 2010, because Collins failed to timely perfect the record on appeal.

Collins then filed the present action for habeas corpus relief, contending that there was an insufficient factual basis for his guilty plea and that he was denied the effective assistance of counsel in connection with his guilty plea.

Collins' custodian has appeared in the action and seeks its dismissal on the grounds that it was not timely filed. Collins has not responded to the respondent's argument.

## Discussion

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The effective date of the AEDPA was April 24, 1996. The limitation period, with certain exceptions, begins to run after the completion of direct review of the judgment by state courts. 28 U.S.C. § 2244(d)(1)(A). The running of the statute of limitations was tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See Gray v. Briley,* 305 F.3d 777, 778 (7th Cir. 2002) (the one-year period "is tolled while a 'properly filed' application for post-conviction review is pending in state court.").

Collins' conviction was final on June 2, 2008, the last date on which he could have filed an appeal from his sentencing on March 1, 2008. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

The habeas corpus clock ran from June 1, 2008, to October 8, 2008, the date on which he filed his petition for post-conviction relief. The running of the clock was then tolled until August 13, 2010, the date on which his appeal in No. 49A02-1001-PC-265 was dismissed.

When the running of the habeas corpus resumed on August 14, 2010, there were 237 days left. There were no further tolling events and thus that time period expired on April 8, 2011.

Collins' habeas petition was signed on January 31, 2012. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing), this is the date his habeas petition is deemed to have been filed. This date, though, was 298 days after the statute of limitations expired.

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Collins encounters the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for writ of habeas corpus is denied.

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Collins has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 05/08/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**All Electronically Registered Counsel**

David Collins
#136767
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN  47838